[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RESPONSE TO PLAINTIFF'S MOTION FOR ARTICULATION
Request #1: CT Page 6468
"The basis for his decision that there was fault on the part of the Plaintiff for not curtailing spending."
The Court notes that one sentence in the findings section of the decision referenced the fact that the plaintiff did not curtail spending, while the parties went into debt. This was not an assessment of "fault" by the Court. It was, however, one finding relating to finances.
The Court based this finding on the evidence and testimony at trial. This was coupled with the finding that the plaintiff failed to seek a job, outside of the home, when the family's finances were tight.
This was just one of many factors considered by the Court. In fact, this was not an extremely significant factor in this case.
Request #2:
"The basis for finding the Defendant's earning capacity is $85,000.00."
Tax Returns, the testimony and adding in perks and depreciation allowances. The Court emphasizes that this finding is "earning capacity", not actual earnings. Defendant's "actual" earnings are lower than $85,000.00. The Court, however, feels the defendant could earn more by better business practices.
The Court found that the speculation by the plaintiff's expert as to defendant's earning capacity was not based on the facts in this case.
The Court also had to take into consideration the defendant's unusually high debt service.
Request #3:
"Whether he found the Defendant's tangible business assets, other than real estate, had any value and if so, what value."
The Court did not separately find a value for the defendant's business personal property. But, the court took it into consideration in the overall evaluation of the business. Once again, however, the defendant's debt is so great that it easily negates the value of the business.
If the assets are sold out of the ordinary course of CT Page 6469 business, they would have little value. Once sold, the defendant's ability to earn would be negatively impacted.
The court also did not make a finding as to the value of the personal property (furniture, jewelry, etc.) retained by the plaintiff.
Request #4:
"Whether he found the Defendant's accounts receivable have any value, and if so, what value."
The Court did not separately value the defendant's accounts receivable. Once again, the Court considered the accounts receivable as a vehicle to help provide the income to pay debt service and to provide the defendant with the funds to pay the Court orders.
The defendant has historically run his business partially based on his accounts receivable. Considering the defense of the Court, the defendant will need a much higher collection rate of accounts receivable than he has had in the past.
Furthermore, as the Court noted in its findings, the plaintiff's actions in speaking to defendant's clients, caused the loss of a major client. That also resulted in a great reduction in the likely percentage that the defendant will collect on that account.
BY THE COURT, Hon. Jonathan J. Kaplan